John A. Seaman and Marie M. Seaman v. Commissioner.
Seaman v. Commissioner
Docket Nos. 4057-63 and 3689-64.
United States Tax Court
T.C. Memo 1965-19; 1965 Tax Ct. Memo LEXIS 311; 24 T.C.M. (CCH) 78; T.C.M. (RIA) 65019; February 5, 1965
*311 Lee M. Galloway, 2407 J St., Sacramento, Calif., for the petitioners. Martin A. Schainbaum, for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined the following deficiencies in income tax and additions to tax against the petitioners: 1954 Code
Additions to Tax
Under
Under
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)
1959
$1,161.47
$17.26
$ 94.10
1960
859.80
35.76
115.19
1961
847.63
42.38
The parties have agreed to the settlement of all issues except the "Section 6653(a) Negligence Penalty Issue". This settlement has the following results: Year
Deficiency
1959
$ 774.31 instead of
$1,161.47
1960
573.20 instead of
859.80
1961
565.09 instead of
847.63
Total
$1,912.60 instead of
$2,868.90
Some of the facts have been stipulated and are so found. The petitioners are husband and wife. They filed their joint income tax returns for the taxable years with the director of internal revenue, San Francisco, California. John maintained records during the years 1959, 1960 and 1961 for the purpose of determining profit *312 or loss of his used automobile sales business and his income properly reportable for federal income tax. John maintained records of the same character for this business during 1959, 1960 and 1961 as he did for the year 1958. For the year 1958 the Commissioner determined deficiencies and a negligence penalty based on adjustments similar to those made in this case. Petitioners filed a petition with this Court for 1958 which was settled without the assertion of a penalty for negligent understatement of tax liability. John is a school teacher and a licensed public accountant in the State of California. The returns in question were prepared by John's father who also is a public accountant. Most of the adjustments made in the years at issue resulted from personal expenses which had been claimed as business deductions and about the character of which there was a bona fide dispute. Ultimate Finding No part of any underpayment is due to negligence or intentional disregard of rules and regulations. This ultimate finding disposes of the case. Decision will be entered under Rule 50.